IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |  |
|---|---|---|
| DON J. BEADS, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO.: WDQ-12-3219 |
| MARYLAND STATE POLICE, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Don J. Beads sued the Maryland State Police, Marcus L. Brown, and Terrence B. Sheridan (collectively, the "Defendants") for violations of Title VII of the Civil Rights Acts of 1964 ("Title VII") and related race discrimination claims.[1] Pending is the Defendants' motion to dismiss for failure to state a claim, or alternatively, motion for summary judgment. Also pending is Beads's motion for leave to amend the complaint. For the following reasons, Beads's motion for leave to amend the complaint will be granted. The Defendants' motion will be granted in part and denied in part as moot.[2]

---

[1] 42 U.S.C. §§ 2000e, et seq.

[2] Beads also purports to move to defer or deny the Defendants' motion for summary judgment. ECF No. 19 (captioned "Motion for Other Relief"). Because Beads's motion for leave to amend the complaint will be granted, mooting the Defendants' motion for

I.  Background[3]

   A.  Discipline Against Beads

Beads, an African-American, graduated from the Maryland State Police ("MSP") academy in 2002 and was assigned to the Glen Burnie Barrack. ECF No. 25, Ex. 3 ¶¶ 6, 18 (hereinafter "Am. Compl."). In January 2005, Beads was promoted to Trooper First Class ("TFC"). Id. ¶ 20. In Spring 2007, Beads successfully completed the written exam and oral board for the rank of Corporal, and was promoted to Corporal a few months later. Id. ¶ 22. On June 10, 2009, Beads was informed that Internal Affairs was investigating him for allegedly helping Tamika Simmons, an African-American TFC, to cheat on the Corporal promotional exam by providing her with one of the oral board test questions. Id. ¶ 23. Beads was charged with

---

summary judgment, Bead's motion to deny summary judgment will also be denied as moot.

[3] For the motion to dismiss for failure to state a claim, the well-pled allegations in the complaint are accepted as true. See Brockington v. Boykins, 637 F.3d 503, 505 (4th Cir. 2011). A motion to amend pleadings that may be futile is treated as if the opposing party has moved to dismiss. See United States ex. rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008). A court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" in deciding a motion to dismiss or the futility of a motion to amend. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).
   In reviewing a motion for summary judgment, the non-movant's evidence "is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

violating four MSP rules: (1) violating the core value of integrity; (2) making false oral reports; (3) unbecoming conduct; and (4) neglect of duty. *Id.*

On May 5, 2010, an MSP Hearing Board found Beads guilty of all charges and recommended his termination. Am. Compl. ¶ 24. In making its determination, the MSP Hearing Board "principally relied upon phone records" that showed Beads called Simmons a few minutes after a phone conversation with TFC Jason Bigham. *Id.* ¶ 26. Bigham, a white police officer, had just finished taking the oral board for the Corporal promotional exam. *Id.* On August 25, 2010, Superintendent Sheridan concurred with the Board's recommendation and fired Beads. *Id.* ¶ 25.[4] Bigham was not charged. *Id.* ¶ 26.[5] No written investigative report about Bigham was ever made. *Id.* ¶ 32. Beads filed an appeal in the Circuit Court for Baltimore County, Maryland. Am. Compl. ¶ 27. The Circuit Court overturned Beads's termination because the MSP failed to disclose the transcript of Bigham's investigatory

---

[4] From June 13, 2007 to August 1, 2011, Sheridan was the Secretary of the Department of State Police and the Superintendent of the MSP. Am. Compl. ¶ 16. Brown is Sheridan's successor to this position. *Id.* ¶ 17.

[5] During Beads's appeal proceeding, MSP counsel suggested that Bigham was not charged because the statute of limitations had expired. Am. Compl. ¶ 31. Beads alleges that "MSP now claims that there was insufficient evidence to charge Mr. Bigham," despite the evidence against Bigham being "basically the same phone records" as those relied on by the MSP in charging Beads. *Id.*

3

interview, which the court determined was potentially exculpatory evidence. *Id.* On August 20, 2011, another MSP Hearing Board found Beads not guilty of all charges. *Id.* ¶ 28. Beads was reinstated with backpay. *Id.* ¶ 29.

B.   Other Examples of Discipline

In 2009, TFC Gibson, a black officer, was suspended for falsifying documents. Am. Compl. ¶ 30. Around the same time, TFC Davis, a white officer, was also accused of falsifying documents, but was not suspended or charged. *Id.* In 2009, First Sergeant Sasse, a white officer, was investigated for lying about overtime and for submitting false timesheets. *Id.* ¶ 33. He was disciplined with the loss of a few days of pay and was transferred to a different barrack. *Id.* Recently, TFC Marshall, a white officer, was accused of falsifying documents for several months by fabricating the number of tickets he issued. *Id.* ¶ 30. Marshall was initially suspended, but MSP failed to take him to trial within the one year statute of limitations and abandoned the charge. *Id.*[6]

---

[6] The amended complaint also contains descriptions of lenient discipline given to white officers who engaged in sexual activity either on the job or with female suspects, and a white officer who used a racial slur. Am. Compl. ¶¶ 34-35.

4

C. Procedural History

On November 2, 2012, Beads sued the Defendants. ECF No. 1.[7] On April 12, 2013, the Defendants moved to dismiss the complaint for failure to state a claim, or in the alternative, for summary judgment. ECF No. 11. On May 17, 2013, Beads opposed the motion. ECF No. 17. On June 5, 2013, the Defendants replied. ECF No. 21. On June 20, 2013, Beads moved for leave to file an amended complaint. ECF No. 25. On July 3, 2013, the Defendants opposed the motion. ECF No. 26. On July 26, 2013, Beads replied. ECF No. 30.

II. Analysis

A. Legal Standards

1. Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of

---

[7] In his Amended Complaint (ECF No. 25, Ex. 3), Beads pleads three causes of action:
- Race Discrimination in Violation of Title VII Against the MSP (Count One);
- Race Discrimination in Violation of the Equal Protection Clause of the Fourteenth Amendment Against Sheridan in his Individual Capacity and Brown in his Official Capacity with respect to Declaratory and Injunctive Relief (Count Two); and
- Race Discrimination in Violation of Article 24 of the Maryland Declaration of Rights Against the MSP and Sheridan (Count Three).

Am. Compl. at 39-49.

5

a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

6

2. Motion for Summary Judgment

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[8] In considering the motion, the judge's function is "not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

The Court must "view the evidence in the light most favorable to . . . the nonmovant and draw all reasonable inferences in [its] favor," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the Court must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial," *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (citation and internal quotation marks omitted).

---

[8] Rule 56(a), which "carries forward the summary-judgment standard expressed in former subdivision (c)," changed "genuine 'issue' [to] genuine 'dispute,'" and restored the word "'shall' . . . to express the direction to grant summary judgment." Fed. R. Civ. P. 56 advisory committee's note.

7

3. Motion for Leave to Amend the Complaint

Under Fed. R. Civ. P. 15(a)(2), a party may amend his complaint with his opponent's written consent or with leave of court. The Court "should freely give leave [to amend the complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, "leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009) (internal citation and quotation marks omitted). An amendment is futile if it would fail to withstand a motion to dismiss. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

B. Beads's Motion for Leave to Amend the Complaint

Beads seeks to amend his complaint "to supply greater factual detail" to his disparate treatment claim against the MSP. ECF No. 25 at 5. The Defendants argue that Beads's motion should be denied because the amendment would be futile and dilatory. ECF No. 26 at 3.

1. Futile

In order to establish a *prima facie* case for disparate discipline under Title VII, a plaintiff must show: (1) that he is a member of a protected class; (2) that the prohibited conduct in which he engaged was comparable in seriousness to

misconduct of employees outside the protected class; and (3) that the disciplinary measures enforced against him were more severe than those enforced against other employees. *See, e.g., Cook v. CSX Trans. Corp.*, 988 F.2d 507, 511 (4th Cir. 1993); *Roberts v. Office of the Sheriff for Charles Cnty.*, No. DKC-10-3359, 2012 WL 12762, at *5 (D. Md. Jan. 3, 2012). To survive a motion to dismiss, a plaintiff "need not conclusively establish his *prima facie* case, or satisfy the McDonnell Douglas proof scheme." *Reed v. Maryland Dep't of Human Res.*, No. ELH-12-0472, 2013 WL 489985, at *18 (D. Md. Feb. 7, 2013).

The Fourth Circuit has held that "precise equivalence in culpability between employees is not the ultimate question . . . an allegation that other employees involved in acts against the employer of comparable seriousness were [treated less severely] is adequate to plead an inferential case." *Moore v. City of Charlotte, NC*, 754 F.2d 1100, 1107 (4th Cir. 1985) (*citing McDonald v. Santa Fe Trail Trans. Co.*, 427 U.S. 273, 283 n.11 (1976)) (internal quotation marks and alterations omitted). In determining whether the misconduct of employees outside the protected class is of comparable seriousness, the Court must understand "the reality that the comparison will never involve precisely the same set of work-related offenses occurring over the same period of time and under the same set of circumstances." *See Cook*, 988 F.2d at 511.

The Defendants argue that Beads has failed to state a claim for disparate discipline because the employees identified by Beads in his amended complaint are not suitable comparisons. ECF No. 26 at 4. In his proposed amended complaint, Beads complains about the discipline he received for allegedly providing a test question from a promotional exam to another officer, Simmons. *See generally,* Am. Compl. Beads sufficiently alleges membership in a protected class by stating that he is African-American. Am. Compl. ¶ 6.

Beads also alleges that less severe disciplinary measures were taken against employees outside his protected class. Beads compares his situation to Bigham, a white police officer, who was not punished for his involvement in the incident. *See* Am. Compl. ¶ 26. Beads alleges that the MSP disciplined him based on phone records which indicated that he called Simmons soon after speaking with Bigham, who had just taken the Corporal oral exam. *Id.* The amended complaint states that "the MSP concluded that Mr. Bigham must have given the test question to Mr. Beads," but Bigham was not disciplined for his conduct. *Id.* In contrast, Beads was charged with violating four MSP rules and was terminated after a hearing for his involvement in the incident. *Id.* ¶ 23-25. Beads also alleges that three other

white officers received less severe discipline for falsifying documents or timesheets. See Am. Compl ¶¶ 30, 33.[9]

It is not clear from the allegations whether Bigham's alleged misconduct in disclosing a test question or the falsification of documents by other officers is comparable in seriousness to Beads's alleged misconduct; by implicating the integrity of MSP and its officers the incidents are arguably similarly serious misconduct. These allegations are sufficient to state a plausible claim for disparate discipline.[10] Accordingly, Beads's proposed amendment is not futile.

2. Dilatory

The Defendants argue that Beads's motion for leave to amend the complaint should be denied because it is dilatory and causes undue delay. ECF No. 26 at 5. "[D]elay alone is not a sufficient reason to deny a party leave to amend its pleading."

---

[9] Beads's references to white officers engaged in sexual misconduct on the job or to a white officer's use of racial slurs are too dissimilar to be considered of comparable seriousness to Beads's alleged misconduct.

[10] See Roberts v. Office of the Sheriff for Charles Cnty., No. DKC-10-3359, 2012 WL 12762, at *6 (D. Md. Jan. 3, 2012) (plaintiff stated a claim by alleging a white employee did not receive the same punishment when he similarly was charged with excessive force); Alexander v. City of Greensboro, 762 F. Supp. 2d 764, 796-97 (M.D.N.C. 2011) (plaintiff stated a claim even though other employee had not engaged in the same conduct and held a different job); Robins v. Moore, at *6 (E.D. Va. May 31, 2006) (plaintiff stated a claim for disparate discipline because the misconduct similarly, publically called into question the integrity of the Sheriff's department).

Nat'l Bank of Wash. v. Pearson, 863 F.2d 322, 327 (4th Cir. 1988). When there is evidence that the plaintiff filed the motion in bad faith or with dilatory motive, or has repeatedly failed to "cure deficiencies by amendments previously allowed," denial of leave to amend is proper. *See Glaser v. Enzo Biochem, Inc.*, 464 F.3d 474, 480 (4th Cir. 2006).[11] Here, there has been no significant delay in seeking leave to amend, and there is no evidence of Beads's bad faith.[12]

C. The Defendants' Motion to Dismiss

1. Title VII Disparate Discipline Claim

The Defendants argue that Beads failed to state a claim for disparate discipline in his original Complaint because Bigham is not a sufficient comparison and Beads cannot rely on a single event to show disparate discipline. ECF No. 11 at 16.[13] As discussed previously, *supra* Part II.B.1., in his Amended Complaint, Beads sufficiently alleges that Bigham and three

---

[11] *See also Nat'l Bank of Wash.*, 863 F.2d at 327-28 (district court properly denied leave to amend when there was evidence of undue delay, bad faith, and prejudice because the movant waited four years after the claim was brought, until the conclusion of discovery, to move to amend its complaint to assert a new affirmative defense and provided no explanation for the delay).

[12] Contrary to the allegations of the Defendants, seeking to amend the complaint after opposing a motion to dismiss is not an indication of bad faith.

[13] "[I]t is typically not permissible to infer the existence of disparate discipline by comparison with one single prior event." *Manning v. Foodarama, Inc.*, 195 F. Supp. 2d 741, 745 (D. Md. 2002) (citing *Cook*, 988 F.2d at 512).

12

other white officers engaged in comparable misconduct and received less serious discipline. See Am. Compl. ¶¶ 26, 30-33. Accordingly, in his Amended Complaint, Beads does not rely on a single example in alleging his Title VII claim for disparate discipline. Because the Amended Complaint resolves the deficiencies on which the Defendants' motion to dismiss relies, the motion to dismiss Beads's Title VII claim for disparate discipline is moot.

2. 42 U.S.C. § 1983 Claim

In Count II, Beads asserts a § 1983 claim under the Equal Protection Clause of the Fourteenth Amendment against Brown in his official capacity for declaratory and injunctive relief only, and against Sheridan in his individual capacity. ECF No. 1 ¶¶ 34-36. The Defendants argue that Beads's § 1983 claims should be dismissed because he did not allege purposeful discrimination or that he was treated differently than similarly situated employees. ECF No. 11 at 18.

The elements required to establish a discrimination claim are the same under Title VII and § 1983. See Love-Lane v. Martin, 355 F.3d 766, 786 (4th Cir. 2004). As discussed above, supra Part II.B.1., in his Amended Complaint, Beads has sufficiently alleged a disparate discipline claim under Title VII. Accordingly, Beads has stated a disparate discipline claim under § 1983. See Roberts v. Office of the Sheriff for Charles

13

*Cnty.*, No. DKC-10-3359, 2012 WL 12762, at *10 (D. Md. Jan. 3, 2012) (allowing disparate discipline claim under § 1983 to proceed because plaintiff sufficiently alleged a claim under Title VII). Also, Beads's allegation that Sheridan acted under the color of law in terminating his employment is sufficient to state a claim for individual liability under § 1983. *See* ECF No. 1 ¶¶ 24, 34-36.[14] Because Beads's Amended Complaint corrects the defects relied on by the Defendants in moving to dismiss, the Defendants' motion to dismiss Beads's § 1983 claim will be denied as moot.[15]

3. Article 24 Claim

In Count III, Beads asserts a claim under Article 24 of the Maryland Declaration of Rights against the MSP and Sheridan. ECF No. 1 ¶¶ 37-39.

i. Failure to State a Claim

The Defendants argue that Beads's has failed to state a claim under Article 24. ECF No. 11 at 18. Equal protection under Article 24 applies in the same manner and to the same

---

[14] *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[T]o establish personal liability in a ¶ 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.").

[15] The Defendants appear to assert the argument that Sheridan is entitled to qualified immunity in arguing their alternative summary judgment motion. *See* ECF No. 11 at 20 ("Defendant Sheridan is entitled to summary judgment based on qualified immunity if . . . .").

14

extent as the Equal Protection clause of the Fourteenth Amendment. *Morrow v. Farrell*, 197 F. Supp. 2d 548, 556 (D. Md. 2002). Accordingly, because Beads has sufficiently stated a § 1983 claim under the Equal Protection Clause, the Defendants' motion to dismiss his Article 24 claim for failure to state a claim will be denied.

### ii. Statutory Immunity

The Defendants contend that the Article 24 claim against Sheridan should be dismissed because he is entitled to statutory immunity. ECF No. 11 at 22. In Maryland, state employees are immune from liability for tortious conduct committed without malice or gross negligence within the scope of their public duties. *See* Md. Code Ann. Cts. & Jud. Pro. § 5-522(b). The statute provides immunity for both intentional and constitutional torts. *See Lee v. Cline*, 384 Md. 245, 266 (Md. 2004). Under Maryland law, actual malice is "conduct characterized by evil or wrongful motive, intent to injure, knowing and deliberate wrongdoing, ill-will or fraud." *Id.* at 268 (*quoting Shoemaker v. Smith*, 353 Md. 143, 163 (Md. 1999)) (internal quotation marks omitted).

The Amended Complaint does not allege any facts that would support a finding that Sheridan acted maliciously or with gross negligence towards Beads. *See* Am. Compl. The only allegations concerning Sheridan state that he "concurred with the Hearing

15

Board's recommendation and terminated Mr. Beads' employment," and that "during the period when [Sheridan] was MSP's Superintendent" a disproportionate number of black officers were fired for "supposed disciplinary reasons." Am. Compl. ¶¶ 25, 37. These allegations are insufficient to rise to the level of actual malice towards Beads on the part of Sheridan.[16] The Defendants' motion to dismiss will be granted with respect to Beads's Article 24 claim against Sheridan.

III. Conclusion

For the reasons stated above, Beads's motion for leave to file an amended complaint will be granted. The Defendants' motion to dismiss the complaint, or in the alternative for summary judgment, will be granted in part and denied in part as moot.

12/6/13
Date

/s/ William D. Quarles, Jr.
William D. Quarles, Jr.
United States District Judge

---

[16] See Crouch v. City of Hyattsville, at *5 (D. Md. Sept. 15, 2010) (plaintiffs cannot meet high pleading standard of asserting malice by conclusory allegations); Elliott v. Kupferman, 58 Md. App. 501, 528 (Md. Ct. Spec. App. 1984) ("Merely asserting that an act was done maliciously, or without just cause, or illegally, or with wanton disregard, or recklessly, or for improper motive does not suffice.").