IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

DON J. BEADS,            *

    Plaintiff,       *

    v.               *        CIVIL NO.: WDQ-12-3219

MARYLAND STATE POLICE, et al.,  *

    Defendants.      *

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Don J. Beads sued the Maryland State Police, Marcus L. Brown, and Terrence B. Sheridan (collectively, the "Defendants") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and related race discrimination claims.[1] Pending are the Defendants' motion for summary judgment, and the Plaintiff's Rule 56(d) motion for discovery. For the following reasons, the Plaintiff's Rule 56(d) motion will be granted, and the Defendants' motion for summary judgment will be denied without prejudice.

---

[1] 42 U.S.C. §§ 2000e, et seq.

I.  Background[2]

At all relevant times, Beads, an African-American, was a Corporal in the Maryland State Police ("MSP") Glen Burnie Barrack. ECF No. 25, Ex. 3 ¶¶ 6, 18, 20, 22 (hereinafter "Am. Compl."). In the summer of 2009, Internal Affairs investigated Beads for allegedly helping Tamika Simmons, an African-American Trooper First Class ("TFC"), to cheat on the Corporal promotional exam by providing her with one of the oral board test questions. See ECF No. 45-8. TFC Jason Bigham, a white officer, was also investigated for allegedly providing the test question to Beads. See ECF No. 45-7. At the conclusion of the internal investigation, Beads was charged with violating four MSP rules: (1) violating the core value of integrity; (2) making false oral reports; (3) unbecoming conduct; and (4) neglect of duty. See ECF No. 39-9 at 1-2. Internal Affairs did not pursue an investigation against TFC Bigham or recommend any administrative charges. See ECF No. 39-11 ¶ 12.

An MSP Hearing Board found Beads guilty of all charges and recommended his termination. See ECF No. 39-9 at 27-29. Superintendent Sheridan concurred with the Board's

---

[2] The facts are from the amended complaint, the parties' motions, and the attached exhibits.

recommendation and fired Beads. *See* ECF No. 39-9 at 30.[3] Beads filed an appeal in the Circuit Court for Baltimore County, Maryland. Am. Compl. ¶ 27. The Circuit Court overturned Beads's termination because the MSP failed to disclose the transcript of Bigham's investigatory interview, which the court determined was potentially exculpatory evidence. *See* ECF No. 39-13; ECF No. 39-14. On July 27, 2011, Beads was reinstated. ECF No. 39-12 ¶ 10. On August 3, 2011, Beads received $59,331.85 in backpay. *Id.* ¶ 11. A second MSP hearing was convened to re-hear the administrative charges against Beads. *Id.* ¶ 4. The second MSP Hearing Board found Beads not guilty. *Id.* ¶ 8. On March 7, 2012, Beads was promoted to Sergeant. *Id.* ¶ 12.

    C.    Procedural History

On November 2, 2012, Beads sued the Defendants. ECF No. 1.[4] On April 12, 2013, the Defendants moved to dismiss the complaint

---

[3] From June 13, 2007 to August 1, 2011, Sheridan was the Secretary of the Department of State Police and the Superintendent of the MSP. Am. Compl. ¶ 16. Brown is Sheridan's successor to this position. *Id.* ¶ 17.

[4] In his Amended Complaint (ECF No. 25, Ex. 3), Beads pleads three causes of action:
- Race Discrimination in Violation of Title VII Against the MSP (Count One);
- Race Discrimination in Violation of the Equal Protection Clause of the Fourteenth Amendment Against Sheridan in his Individual Capacity and Brown in his Official Capacity with respect to Declaratory and Injunctive Relief (Count Two); and

for failure to state a claim, or in the alternative, for summary judgment. ECF No. 11. On May 17, 2013, Beads opposed the motion. ECF No. 17. On June 5, 2013, the Defendants replied. ECF No. 21. On June 20, 2013, Beads moved for leave to file an amended complaint. ECF No. 25. On July 3, 2013, the Defendants opposed the motion. ECF No. 26. On July 26, 2013, Beads replied. ECF No. 30. On December 9, 2013, the Court issued a memorandum opinion and order granting Beads's motion for leave to file an amended complaint. *See* ECF Nos. 31, 32. The Court also granted the Defendants' motion to dismiss as to Count III against Sheridan, and denied the motion as moot as to all other counts. *See id.*

On February 4, 2014, the Defendants moved for summary judgment. ECF No. 39. On March 4, 2014, Beads opposed the motion and moved to defer considering the motion for summary judgment. ECF Nos. 44, 45. On March 17, 2014, the Defendants replied. ECF No. 47.

II. Analysis

    A.   Rule 56(d) Affidavit

Rule 56(d) requires the district court to refuse to grant summary judgment, when the non-movant "has not had the

---

- Race Discrimination in Violation of Article 24 of the Maryland Declaration of Rights Against the MSP and Sheridan (Count Three).

Am. Compl. at 39-49.

opportunity to discover information that is essential to his opposition." *Works v. Colvin*, 519 F. App'x 176, 181-82 (4th Cir. 2013) (*quoting* Fed. R. Civ. P. 56(d)) (internal quotation marks omitted). The nonmovant must show through affidavits that he cannot yet properly oppose a motion for summary judgment. Fed. R. Civ. P. 56(d); *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996). The Fourth Circuit "place[s] great weight on the Rule 56[d] affidavit." *Evans*, 80 F.3d at 961. "The purpose of the affidavit is to ensure that the nonmoving party is invoking the protections of Rule 56[d] in good faith and to afford the trial court the showing necessary to assess the merits of a party's opposition." *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quotation marks omitted).

"A Rule 56[d] affidavit that conclusorily states that discovery is required is insufficient; the affidavit must specify the reasons the party is unable to present the necessary facts and describe with particularity the evidence that the party seeks to obtain." *Radi v. Sebelius*, 434 F. App'x 177, 178 (4th Cir. 2011) (*citing Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006)). A Rule 56(d) motion for additional discovery is properly denied when the discovery sought would not create a genuine issue of material fact sufficient to defeat summary judgment. *See Strag v. Bd. Of Trustees, Craven Cmty. College*,

5

55 F.3d 943, 954 (4th Cir. 1995). However, because the rule "is intended as a safeguard against a premature grant of summary judgment[,] [courts] should construe the rule liberally[.]" *Works*, 519 F. App'x at 182 (internal quotations omitted); *accord Harrods*, 302 F.3d at 245 n. 18 (citing with approval sources applying the rule liberally).

In support of his motion to defer the consideration of the Defendants' motion for summary judgment to allow time for discovery, Beads attached a Rule 56(d) affidavit signed by his attorney. *See* ECF No. 44. The affidavit asserts that there has been no discovery because the Defendants have not answered the amended complaint, and therefore no scheduling order has been issued. *See id.* ¶ 7. The Defendants argue that the request for discovery is general, and designed to delay summary judgment to allow the Plaintiff to engage in a fishing expedition. *See* ECF No. 47 at 18. General assertions that discovery is necessary are not sufficient to comply with the requirement of Rule 56(d) to set out reasons for the need for discovery. *See Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996).

However, here the Plaintiff's affidavit provides in detail the facts he wishes to investigate to support his claims. *See* ECF No. 44 ¶¶ 3-6. For example, the Plaintiff seeks discovery regarding (1) why MSP terminated the investigation of TFC

Bigham; (2) why TFC Bigham's polygraph examination was cancelled; (3) why no investigative report or any findings or recommendations were prepared as to TFC Bigham; and (4) why MSP withheld the transcript of TFC Bigham's investigation. See ECF No. 44-1 ¶ 4. The Plaintiff also requests specific information related to other disciplinary proceedings, such as whether rank is a relevant factor in MSP discipline, and why a white trooper accused of falsifying documents was administratively charged with a lesser offense. See id. ¶¶ 3, 5. These are not generalized requests for discovery.[5]

The Defendants also argue that the requested discovery would not create a genuine dispute of fact sufficient to defeat summary judgment. See ECF No. 47 at 20. To establish a *prima facie* case for disparate discipline under Title VII, a plaintiff must show: (1) that he is a member of a protected class; (2) that the prohibited conduct in which he engaged was comparable in seriousness to misconduct of employees outside the protected class; and (3) that the disciplinary measures enforced against him were more severe than those enforced against other employees. See, e.g., Cook v. CSX Trans. Corp., 988 F.2d 507, 511 (4th Cir. 1993); Roberts v. Office of the Sheriff for

---

[5] Cf. Keebler Co. v. Murray Baked Products, 866 F.2d 1386, 1389 (Fed. Cir. 1989) (request for "certain information" and "other evidence" not sufficient to grant discovery under Rule 56(d)).

*Charles Cnty.*, No. DKC-10-3359, 2012 WL 12762, at *5 (D. Md. Jan. 3, 2012).

The Fourth Circuit has held that "precise equivalence in culpability between employees is not the ultimate question . . . an allegation that other employees involved in acts against the employer of comparable seriousness were [treated less severely] is adequate to plead an inferential case." *Moore v. City of Charlotte, NC*, 754 F.2d 1100, 1107 (4th Cir. 1985) (*citing McDonald v. Santa Fe Trail Trans. Co.*, 427 U.S. 273, 283 n.11 (1976)) (internal quotation marks and alterations omitted). In determining whether the misconduct of employees outside the protected class is of comparable seriousness, the Court must understand "the reality that the comparison will never involve precisely the same set of work-related offenses occurring over the same period of time and under the same set of circumstances." *See Cook*, 988 F.2d at 511. Under Title VII, if the plaintiff establishes a *prima facie* case, the burden shifts to the defendant to articulate a legitimate, lawful reason for its actions.[6] The plaintiff then must establish that the employer's proffered explanation is pretext.[7]

---

[6] *See Bonds v. Leavitt*, 629 F.3d 369, 386 (4th Cir. 2011); *EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 407 (4th Cir. 2005).

[7] *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2011) (internal quotation marks omitted).

In their motion for summary judgment, the Defendants argue that Beads is unable to establish a *prima facie* case of discrimination based on race under Title VII because Beads has not demonstrated evidence of suitable comparators. *See* ECF No. 39-1 at 19 at 23. The Defendants also contend that, assuming Beads has established a *prima facie* case of discrimination, the Defendants have provided a non-discriminatory reason for the discipline, and Beads has not demonstrated pretext. *See* ECF No. 39-1 at 24-25.

Here, the Plaintiff requests additional discovery concerning the role of rank in the disciplinary process, and inconsistencies in the charging process for actions of comparable seriousness. *See* ECF No. 44-1 ¶¶ 3, 5, 6. The Plaintiff also seeks information about why an investigation against a white trooper involved in the same incident was terminated. *Id.* ¶ 4. These requests directly address the ultimate issues of comparable employees and the potential for racial pretext in disciplinary proceedings.[8] The Plaintiff has plausibly argued that there are inconsistencies in the investigation and charging of white troopers involved in comparably serious offenses. *See* ECF No. 44-1 ¶¶ 4-6. Although

---

[8] *Cf. Amirmokri v. Abraham*, 437 F. Supp. 2d 414, 420 (D. Md. 2006) (additional discovery not appropriate when additional evidence sought would not address ultimate issue of whether the plaintiff was subjected to an adverse employment action).

...

removed

the evidence the Plaintiff requests may ultimately not support his claim for racial discrimination, an explanation of these alleged inconsistencies exists. This is not an instance when "the evidence sought was almost certainly nonexistent or was the object of pure speculation." *See Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 196 (4th Cir. 2006) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986).

Additionally, that the discovery Beads seeks is evidence possessed by the Defendants also favors allowing additional discovery. *See, e.g. Ingle*, 439 F.3d at 196-97 ("[C]ourts should hesitate before denying Rule 56[d] motions when the party opposing summary judgment is attempting to obtain necessary discovery of information possessed only be [his] opponent."). Although there is an administrative record from the MSP administrative proceedings, the evidence Beads requests is not included, particularly the information related to comparators not involved in the incident prompting the MSP administrative proceeding. Accordingly, Beads's Rule 56(d) motion will be granted. The Defendants' motion for summary judgment will be denied without prejudice.

III. Conclusion

For the reasons stated above, the Plaintiff's Rule 56(d) motion will be granted, and the Defendants' motion for summary judgment will be denied without prejudice.

_8/12/14_
Date

_/s/ William D. Quarles, Jr._
William D. Quarles, Jr.
United States District Judge