## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| DON J. BEADS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Case No.: WDQ-12-3219 |
| | * | |
| MARYLAND STATE POLICE, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Presently pending before the Court is a Motion for Protective Order filed by Defendants

Maryland State Police, Marcus L. Brown, and Terrence B. Sheridan (collectively, "Defendants").

[ECF No. 57].  Plaintiff Don J. Beads filed no opposition.  No hearing is deemed necessary.  *See*

Loc. R. 105.6 (D. Md. 2014).  For the reasons set forth herein, Defendants' Motion for Protective

Order will be granted in part and denied in part.

## I.    BACKGROUND

In November, 2012, Plaintiff commenced this lawsuit against Defendants for race

discrimination in violation of (1) Title VII of the Civil Rights Act of 1964, (2) the Equal

Protection Clause of the Fourteenth Amendment, and (3) Article 24 of the Maryland Declaration

of Rights.  [ECF No. 33].  Plaintiff, who is African-American, alleges he suffered disparate

discipline when his employer, the Maryland State Police ("MSP"), investigated and ultimately

terminated him in August, 2010 for allegedly providing a test question from a promotional exam

to another officer.  *Id.*  According to Plaintiff, the MSP did not pursue any charges against a white officer allegedly involved in the same incident.[1]  *Id.*

In February, 2014, Defendants moved for summary judgment.  [ECF No. 39].  In March, 2014, Plaintiff moved to defer considering Defendants' summary judgment motion under Rule 56(d) because discovery had not yet occurred.  [ECF No. 44].  Plaintiff's counsel included a declaration setting forth the discovery she would seek, namely: (1) the role of rank in the MSP disciplinary process, (2) specific information on MSP's handling of the investigation of the white officer involved in the same incident as Plaintiff, and (3) inconsistencies in the charging process for actions of comparable seriousness.  [ECF No. 44-1].  In August, 2014, Judge Quarles granted Plaintiff's Rule 56(d) motion and denied without prejudice Defendants' motion for summary judgment, reasoning that the discovery Plaintiff sought "directly addresses the ultimate issues of comparable employees and the potential for racial pretext in the disciplinary proceedings."  [ECF No. 50].  Discovery thereafter commenced.  [*See* ECF No. 53].  Defendants' instant Motion for Protective Order concerns several of Plaintiff's discovery requests that Defendants argue are confidential, irrelevant, and/or overly broad.  [ECF No. 57].

## II.     LEGAL STANDARD

Courts may grant protective orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  "The party moving for a protective order bears the burden of establishing good cause."  *Webb v. Green Tree Servicing LLC*, 283 F.R.D. 276, 278 (D. Md. 2012).  "Normally, in determining good cause, a court will balance the interest of a party in obtaining the information versus the interest of his opponent in keeping the information confidential or in not requiring its production."  *UAI Tech.,*

---

[1] Plaintiff was reinstated in July, 2011, following a successful appeal to the Circuit Court for Baltimore County. [ECF No. 39-12, ¶ 10].  In August, 2011, a second MSP Hearing Board acquitted Plaintiff of all charges.  *Id.* at ¶ 8. Subsequently, this lawsuit ensued.

*Inc. v. Valutech, Inc.*, 122 F.R.D. 188, 191 (M.D.N.C. 1988). In other words, "the Court must weigh the need for the information versus the harm in producing it." *A Helping Hand, LLC v. Baltimore Cnty., Md.*, 295 F. Supp. 2d 585, 592 (D. Md. 2003) (internal quotation marks omitted). The standard for issuance of a protective order is high. *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 125 (D. Md. 2009). However, trial courts have broad discretion to decide "when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

## III.    DISCUSSION

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Defendants argue that the following discovery requests exceed the scope of discovery under this Rule:

> **Interrogatory No. 11:** State the factual basis for your general denial of Plaintiff's allegation that the retention rate for black officers is significantly lower than the retention rate for white officers.

> **Interrogatory No. 15:** Explain each and every reason why the percentage of black officers has declined since 2000.

> **Document Request No. 25:** All documents related to any complaints, claims, administrative charges, and lawsuits against you by other black officers based on allegations of race discrimination, since January 1, 2007.

> **Document Request No. 30:** All documents (including, but not limited to, reports, studies, statistical data, correspondence, notes, and memoranda) which relate to, describe, summarize, analyze or memorialize the retention rates for black and white officers, irrespective of the relevant time period.

> **Request for Admission No. 4:** Admit that the number and percentage of black officers has declined since 2000.

**Request for Admission No. 5:** Admit that the percentage of black officers is less than the percentage of black residents in the population of the State of Maryland.

**Request for Admission No. 7:** Admit that the retention rate for black officers is lower than the retention rate for white officers and/or that the attrition rate for black officers is higher than the attrition rate for white officers.

Defendants contend that not only are these discovery requests far broader than what Plaintiff articulated in his Rule 56(d) motion, but they are not relevant to a disparate discipline claim. Defs. Mot. 14–16. To establish a *prima facie* case for disparate discipline under Title VII, a plaintiff must show: (1) that he is a member of a protected class, (2) that the prohibited conduct in which he engaged was comparable in seriousness to misconduct of employees outside the protected class, and (3) that the disciplinary measures enforced against him were more severe than those enforced against other employees. *Cook v. CSX Transp. Corp.*, 988 F.2d 507, 511 (4th Cir. 1993). General information on police department demographics, all internal race discrimination allegations, and retention/attrition rates encompasses far more than what is relevant to a disparate discipline claim. Rather, the burden on Defendants in producing this voluminous information outweighs any likely benefit to Plaintiff in possessing it. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).

However, a much narrower version of Document Request No. 25 would be less burdensome and within the ambit of Rule 26, namely: "All documents related to any complaints, claims, administrative charges, and lawsuits against you by other black *MSP* officers based on allegations of race discrimination *in the MSP disciplinary process*, from January 1, 2007 to October 31, 2011." Initially, Defendants should respond to this modified request by preparing a spreadsheet similar to that addressed below, providing information about each incident without including identifying information, such as officers' names, addresses, and telephone numbers. If, after review of the spreadsheet, Plaintiff deems it appropriate to request additional records

pertaining to a particular incident or incidents, he should confer with Defendants before raising the issue with the Court.

In sum, other than responding to a modified version of Document Request No. 25, Defendants do not have to produce documents responsive to Interrogatory Nos. 11 and 15, Document Request No. 30, or Request for Admissions Nos. 4, 5, and 7.

Defendants also argue that the following discovery requests both exceed the scope of discovery under Federal Rule of Civil Procedure 26(b), and are confidential under Maryland law:

> **Interrogatory No. 21:** State the name and, if known, the address and telephone number of each officer who has been accused of an integrity violation or other violation that arguably demonstrates the officer's character for untruthfulness since January 1, 2007, and for each such officer describe what administrative charges were pursued against the officer, whether the officer waived his right and admitted the charge or proceeded to a hearing board, what disciplinary action the hearing board recommended, and what disciplinary action ultimately was implemented by the officer's commander and/or the superintendent.

> **Document Request No. 26:** All documents (including, but not limited to, correspondence, notes, memoranda, and journal entries) which relate to, describe, summarize, or memorialize any complaints, claims, administrative charges, and lawsuits by or against other officers who have been accused of integrity violations or other violations that arguably demonstrate their character for untruthfulness (including, but not limited to, complaints involving allegations of using official position for personal/financial benefit, false reports and/or statements, and performing secondary Employment while on duty), since January 1, 2007.

> **Document Request No. 27:** The complete investigative file maintained by your Internal Affairs Section related to any complaints, claims, administrative charges, and lawsuits by or against other officers who have been accused of integrity violations or other violations that arguably demonstrate their character for untruthfulness (including, but not limited to, complaints involving allegations of using official position for personal/financial benefit, false reports and/or statements, and performing secondary employment while on duty), since January 1, 2007.

> **Document Request No. 28:** All documents (including, but not limited to, reports, studies, statistical data, correspondence, notes, and memoranda) which relate to, describe, summarize, analyze or memorialize the demographics of the officers who have been accused of, charged with and/or disciplined for alleged misconduct, irrespective of the relevant time period.

**Document Request No. 29:** All documents (including, but not limited to, reports, studies, statistical data, correspondence, notes, and memoranda) which relate to, describe, summarize, analyze or memorialize the effect of race in your disciplinary process, irrespective of the relevant time period.

Under the Maryland Public Information Act ("MPIA") and related Maryland case law, Defendants argue, police disciplinary records are confidential personnel records, and thus should be exempt from disclosure. Defs. Mot. 5–6. However, "discovery in federal courts is governed by federal law." *Fether v. Frederick Cnty., Md.*, CCB-12-1674, 2014 WL 1123386, at \*2 (D. Md. Mar. 19, 2014); *see Boyd v. Gullett*, 64 F.R.D. 169, 178 (D. Md. 1974) ("[T]he Court is satisfied that the exemptions in the [Maryland Public Information Act] do not create privileges for the purposes of discovery. There is therefore no obstacle to the application of the federal law of discovery in this case."). Police disciplinary records, presumably part of an officer's personnel record, are not privileged under federal law. *See Rollins ex rel Rollins v. Barlow*, 188 F. Supp. 2d 660, 663 (S.D.W. Va. 2002) ("State Police personnel records are confidential just as personnel records of any employer should be confidential to protect the privacy concerns of employees. Such privacy concerns do not amount to a 'privilege' as that term is used in civil discovery."). Thus, while the Court recognizes the need to protect the identifying information Plaintiff seeks, Defendants' argument that police disciplinary records are confidential under Maryland law is unpersuasive.

However, the Court does agree with Defendants that Plaintiff is already in possession of the essential information he seeks in these discovery requests. Defendants note that, after conferring with Plaintiff's counsel, they agreed to provide Plaintiff with a "spreadsheet providing the essential Internal Affairs data Plaintiff seeks for a four year period." Defs. Mot. 5. Defendants explain that this spreadsheet contains information regarding how integrity violations against MSP troopers were resolved. *Id.* at 16. After reviewing a copy of this spreadsheet, the

Court finds that Plaintiff has sufficient information to evaluate whether there has been a pattern or practice of disparate discipline in the MSP, and whether the disciplinary action taken against him was handled differently than disciplinary actions taken against white officers accused of similar misconduct.  Indeed, the spreadsheet includes suspected integrity violations that occurred from January 2007 to October 2011; the date the complaint was received and was created; whether the complaint was internal or external (i.e. citizen complaint); the allegation against the officer; the investigative unit (e.g. Internal Affairs, Field Operations Bureau, etc.); the finding and finding date; the action taken and on what date; the county in which the incident allegedly occurred; and the title/rank, race, and gender of the officer involved.  The Court finds no reason for Defendants to provide Plaintiff with any more details, especially considering the significant privacy issues involved in these matters.

In sum, Defendants do not have to produce documents responsive to Interrogatory No. 21, or Document Request Nos. 26, 27, 28, and 29.  If Plaintiff is able to sufficiently articulate why he needs information about a particular incident or incidents beyond what is provided in Defendants' spreadsheet, he should confer with Defendants before raising the issue with the Court.

IV.   CONCLUSION

For the reasons set forth above, Defendants' Motion for Protective Order is GRANTED as to Interrogatory Nos. 11, 15, and 21; Document Request Nos. 26–30, and Request for Admissions Nos. 4, 5, and 7.  Defendants' Motion is DENIED as to Document Request No. 25, but Defendants need only respond to the following tailored request: "All documents related to any complaints, claims, administrative charges, and lawsuits against you by other black MSP

officers based on allegations of race discrimination in the MSP disciplinary process, from January 1, 2007 to October 31, 2011," as discussed herein.


Dated: April 16, 2015                                     _____/s/_____

                                              Stephanie A. Gallagher
                                              United States Magistrate Judge